[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
Plaintiff Constantino DeVellis seeks a temporary injunction. He wants this court to bar the owner of a sandwich shop in Newtown from conducting business during the pendency of this lawsuit. The request for a temporary injunction is denied.
Since 1977, Mr. DeVellis has owned and operated a Subway franchise in Monroe. He purchased his franchise rights in 1977 from defendant Doctor's Associates, Inc. Mr. DeVellis claims he also purchased in 1977 the right to operate a Subway franchise CT Page 5198 in the adjoining town of Newtown. Recently, defendant Richard Talbot purchased a Subway franchise from Doctor's Associates, Inc. With the assistance of Doctor's Associates, Inc., Mr. Talbot has opened his franchise store in Newtown.
Mr. DeVellis attacks the conduct of the defendants on various legal grounds. He seeks compensation for business which will be taken from him by the Newtown store. He also seeks compensation for his having lost the opportunity to operate a franchise in Newtown. In addition, Mr. DeVellis seeks a temporary and permanent injunction barring the defendants from operating a Subway store in Newtown.
The issuance of a temporary injunction is a harsh remedy. Since the party who is aggrieved by the court's decision on an application for a temporary injunction cannot appeal the court's decision, this court should act cautiously when deciding whether to issue a temporary injunction. "The requirements for a temporary injunction are (1) establishing a legal right, which involves a determination of the probability of the plaintiff's succeeding on the merits and that there is no other adequate remedy at law; and (2) the imminence of a substantial and irreparable injury to the plaintiff, considered together with the effect of a temporary injunction on the plaintiff and the defendant." Connecticut Association of Clinical Laboratories, et al v. Connecticut Blue Cross, Inc., et al, 31 Conn. Sup. 110,113 (1973).
An award of money will provide adequate compensation for any loss suffered by Mr. DeVellis between now and the time this case is tried. The fact damages might be difficult to measure with exactitude will not bar a litigant from a recovery. As long as a litigant lays a foundation which will enable the trier to make a fair and reasonable estimate, the trier may award damages. Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,423 (1982). Since Mr. DeVellis may pursue a claim for money damages, he has an adequate remedy at law. A temporary injunction is inappropriate.
The application for a temporary injunction is denied.
THIM, JUDGE